

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0861-20

### THE STATE OF TEXAS

### v.

### JASON DEAN HUNTER, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### COMAL COUNTY

**RICHARDSON, J.,** filed a concurring opinion.

### <u>CONCURRING OPINION</u>

I concur in this Court's decision to deny review in this case. To date, thirteen judges have reviewed this case, eleven have concluded that the conduct in question does not constitute a crime under Texas law, and only one has written a dissenting opinion trying to explain why the overwhelming number of judges in this case got it wrong. The unanimous decision written by former Chief Justice Rose affirming the trial court's decision was a thorough and detailed analysis of the difficult legal issues presented in this

case. Presiding Judge Keller's concurring opinion in this Court's decision to deny review also contains a detailed analysis addressing the legal issues presented. The dissent relies heavily on this Court's opinion in *Baumgart* to justify granting review in this case. It is important to note that as this case has progressed through the courts, not a single party or judge has mentioned *Baumgart*. The great weight of the dissent's argument to justify granting review relies on *Baumgart*; however, the State's silence on *Baumgart* is deafening. Indeed, the first time *Baumgart* is raised on behalf of the State's plea to grant review is in the dissenting opinion; none of the parties have ever mentioned it.

The judges on this Court author opinions – majority, concurring, and dissenting opinions – that have long-term effects on the criminal justice system in our State. This Court makes hard decisions on a regular basis. Last month, we denied relief in a case that may result in a person's execution and also granted actual innocence relief to a person wrongfully convicted and imprisoned for years. Hard decisions come in many forms, but we are required to follow the law as written. All of our decisions should reflect our judicial oath to act impartially and to follow the law. We strive to do that, even though the task may be difficult, and we may be personally conflicted about the outcome.

I agree with Presiding Judge Keller when she states the Court of Appeals' resolution was correct and is so obvious that we need not grant review. Because the law on this issue is clear, I join Presiding Judge Keller's opinion explaining why review is not warranted.

FILED:      JUNE 16, 2021

PUBLISH